UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATEO BASTIDA DIMAS,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-09200-DAD-JDP

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 3)

On November 9, 2026, petitioner Mateo Bastida Dimas filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 3.) Later that same day, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondents were further directed to state any opposition that they had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

/////

On November 12, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.) Therein, respondents do not object to the court ruling on the merits of the *habeas* petition based on the present briefing. (*Id.* at 1.) Respondents also seemingly concede that this case is not substantively distinguishable from the cases cited in the court's November 9, 2026 order (Doc. No. 5). (Doc. No. 6 at 3.) Still, respondents argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and that the appropriate remedy is limited to a bond hearing. (*Id.* at 1–4.) Respondents also argue that the petition should be dismissed because petitioner has failed to exhaust his administrative remedies before filing a *habeas* petition. (*Id.* at 4–5.)

Based on the parties' submissions, the court finds the following facts. Petitioner entered the United States without inspection on an unknown date in 1994. (Doc. Nos. 1 at ¶ 3; 6 at 1.) Petitioner has remained in the United States since and has a pending asylum application and a valid work permit. (Doc. Nos. 1 at ¶¶ 2–5; 6 at 2.) On November 7, 2026, petitioner was detained by ICE during a traffic stop. (Doc. Nos. 1 at ¶ 7; 6-1 at 2–3.) The same day, an administrative warrant[1] was issued for petitioner's arrest and ICE served petitioner with a notice of custody determination. (Doc. No. 6-1 at 9–11.) The I-286 Form reflects that petitioner requested a custody redetermination hearing before an immigration judge but there is no indication that petitioner has yet to receive such hearing. (*Id.* at 10.)

As to respondents' exhaustion argument, petitioner challenges his detention on due process grounds. (Doc. Nos. 1 at ¶¶ 49–64.) The court incorporates its reasoning set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) (quoting *Hernandez v. Mullin*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at *7–8 (C.D. Cal. Mar. 24, 2026)) and concludes that waiver of exhaustion is appropriate where, as here, petitioner raises due process challenges to the procedures employed by immigration authorities.

---

[1] Respondents attach an I-200 Form indicating that a warrant was issued on November 7, 2026 for petitioner's arrest but simultaneously state in their opposition that petitioner's arrest was "warrantless." (Doc. Nos. 6 at 4; 6-1 at 11.) Despite this seeming contradiction and based on the attached I-200 Form, the court has determined that a warrant was issued for petitioner's arrest.

As to the merits of petitioner's claim, the undersigned has previously explained that the government's failure to promptly provide a petitioner with a custody re-determination hearing after they request one violates due process. *Escamilla-Santiago v. Andrews*, No. 1:26-cv-07443-DAD-CSK (HC), 2026 WL 3206205, at *1–3 (E.D. Cal. Oct. 26, 2026). As noted, petitioner requested a custody redetermination hearing over two weeks ago and there is no evidence before the court that he has received such hearing. (Doc. No. 6-1 at 10.) Pursuant to the reasoning set forth in *Escamilla-Santiago*, the court concludes that petitioner's detention without being provided a prompt custody redetermination hearing after he requested one violates due process and will order petitioner's immediate release on that basis. *See also Rosendo v. Andrews*, No. 1:26-cv-08803-TLN-AC, 2026 WL 3307040, at *2–3 (E.D. Cal. Nov. 2, 2026) (ordering immediate release after concluding that the government violated due process where it failed to provide a petitioner with a custody redetermination hearing for "nearly two weeks" after the petitioner requested one).

**CONCLUSION**

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release Mateo Bastida Dimas, A-File No. 220-013-853, from respondents' custody;
    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
2. The Clerk of the Court is directed to serve a copy of this order on the California City ICE Detention Facility; and

/////

/////

3. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 23, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE